IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DELVIN WOODS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. CV-09-RRA-2369-S |
| | ) |
| LEEDS HOUSING AUTHORITY, | ) |
| | ) |
| Defendant. | ) |

**Report and Recommendation**

The plaintiff is a participant in the Housing Assistance Program pursuant to Section 8 of the U.S. Housing Act of 1937, 42 U.S.C. § 1437f. Local public housing authorities, such as the defendant, Leeds Housing Authority ("LHA"), administer the program. The defendant entered into an Annual Contributing Contract ("ACC") with the United States Department of Housing and Urban Development ("HUD"), wherein HUD funds and the LHA would pay the plaintiff's landlord for the difference between the rent he could afford as a so-called "low income tenant" and the market rental rate. HUD's regulations for the Section 8 program apply to this case. They are found in 24 C.F.R. Part 982.

LHA and Federal Regulations require that assistance may be terminated if the participant "failed to comply with [his] obligations under the program." 24 C.F.R. § 982.552(c). One of those obligations is that "[a]ny information supplied by the [plaintiff] must be true and complete." 24 C.F.R. § 982.551.

The plaintiff was required to answer two questions set out in a document entitled "Criminal Activity Statement." *Defendant's Preliminary Hearing Exhibit* 1. The document

contained the following language: "Notice!! You are reminded that all your answers will be verified and giving false information or omitting relative information is considered Fraud." To the question, "Have you or any family member that will be living with you ever been arrested for any offense against the law, the plaintiff answered "no." However, to the question, "have you or any family member that will be living with you ever had a warrant issued for an arrest," the plaintiff answered "yes."  In both termination letters sent to the plaintiff the LHA reported that the plaintiff "said that he had been cleared of the charges and had proof, but nothing has been provided in writing to Leeds Housing Authority."

The defendant decided that the plaintiff had answered falsely when he stated that he had never been arrested, and terminated the plaintiff's Section 8 assistance. The defendant appealed that administrative decision. At the administrative appeal hearing, Director Angela Cole affirmed the decision to terminate the plaintiff's participation in the Housing Assistance Program. As a result, the plaintiff is facing eviction.[1] The plaintiff then filed this action and requests that this court issue a preliminary injunction.

In order to show that he is entitled to a preliminary injunction, the plaintiff must show that he has a substantial likelihood of success on the merits, that he will suffer irreparable injury unless the injunction is issued, that the threatened injury to him outweighs the possible injury that the injunction may cause the opposing party, and that the injunction would not be adverse to the public interest. *Redford v. Gwinnett County Judicial Circuit,* No. 09-10807,

---

[1]Eviction was scheduled for February 19, 2010. However, the plaintiff's counsel stated at the preliminary injunction hearing that judicial proceedings to force the plaintiff's eviction have been stayed in the Jefferson County Circuit Court, pending this court's decision.

2009 WL 3059056, *3 (11th Cir. Sept. 25, 2009).

A preliminary injunction hearing was held. Counsel for both parties made certain statements, and testimony was taken from the plaintiff. The plaintiff first claims that he was denied due process at the appeal hearing. He also claims that he did not give a false statement.

With respect to the due process claim, Regulation 24 U.S.C. § 982.555(e)(6) states that once the appeal hearing is complete,

> [t]he person who conducts the hearing must issue a written decision stating briefly the reasons for the decision. Factual determinations relating to the individual circumstances of the family shall be based on a preponderance of the evidence presented at the hearing. A copy of the hearing decision shall be furnished promptly to the family.

24 U.S.C. § 982.555(e)(6).

The defendant admitted that the Director did not take any testimony or receive any evidence at the appeal hearing. The defendant's counsel stated to the court that the defendant was not required to prove anything at the appeal hearing, and that the defendant had the burden of proving that the decision to terminate his assistance was wrong.

In *Basco v. Machin*, 514 F.3d 1177 (11th Cir. 2008), the Bascos appealed their eviction, and evidence was presented at the Bascos' appeal hearing. The Bascos asserted that the housing authority denied them the opportunity to confront and cross-examine witnesses against them, and improperly placed the burden of proof on them rather than on the PHA, which sought to terminate their housing assistance. The court stated that the LHA "has the burden of persuasion and must initially present sufficient evidence to establish a prima facie

case [that a violation has occurred]. Thereafter, the Section 8 participant has the burden of production [to show that his benefits should be continued]." *Basco v. Machin*, 514 F.3d 1177, 1182 (11th Cir. 2008).

As to the false statement issue, the plaintiff testified before this court that, due to his ignorance — he has only a seventh grade education — he confused the meanings of "arrested" and "convicted." The plaintiff contends, therefore, that if his answer concerning arrests was wrong, it was unintentional and he had no intent to deceive.

There is no evidence in the record that the defendant satisfied its initial burden during the appeal hearing. The preliminary injunction hearing showed that the defendant did not offer *any* evidence, but placed the burden on the plaintiff to refute the charges against him. Thus, there is a substantial likelihood that the plaintiff will prevail on the claim that he was denied due process at his administrative appeal. With respect to the plaintiff's supposed false representation, the plaintiff did answer that he had not been arrested, but to a similar question he stated that he *had* been arrested. At a hearing that comports with due process, the plaintiff might or might not prevail on the question whether he provided a false answer. This court's holding, though, is that there is a substantial likelihood that ultimately it will be determined that the plaintiff was not afforded due process at his administrative appeal. It is further found that the plaintiff will be rendered irreparable harm if he is rendered homeless. The court also finds that the absence of an injunction would cause the plaintiff greater harm than the issuance of an injunction would cause the defendant, and the public interest will not

be harmed thereby.[2]  Wherefore, it is RECOMMENDED that the motion for a preliminary injunction be GRANTED forbidding the plaintiff's termination from the Assistance Program and his eviction.

Any party may file specific written objections to this report and recommendation within three (3) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within three (3) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

---

[2] In this district, in a similar case involving due process at the administrative appeal level in a housing assistance case, District Judge Lynwood Smith stated:

> The only evidence presented to this court indicates that defendant did not offer any evidence during the administrative hearing, but instead placed the burden on plaintiff in the first instance to refute the charges asserted against her. The evidence further indicates that defendant based its decision to terminate plaintiff's benefits — as well as its subsequent decision to uphold the termination of benefits — upon a review of plaintiff's case file and a newspaper article. There is no indication that plaintiff had access to either of these items prior to the administrative hearing, or any notice that the file and newspaper article would be relied upon during the hearing. Thus, without access to all of the information in defendant's possession, and without hearing what evidence defendant had against her, plaintiff was forced to make her case. Those circumstances do not satisfy the constitutional guarantee of procedural due process.

*Taylor v. City of Decatur Alabama Housing Authority*, CV-09-S-1279-NE.

DONE this 22nd day of February, 2010.

                                  _/s/ Robert R. Armstrong_
                                  Robert R. Armstrong, Jr.
                                  United States Magistrate Judge